UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH CAFARO,

    Plaintiff,

v.    Case No: 8:10-CV-1836-T-30EAJ

RONALD WYLLINS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Ralph Cafaro to Proceed & Waive Filing Fees** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).  Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

Plaintiff's complaint appears to center on his dissatisfaction with a proceeding before a Florida probate court.  Plaintiff seeks $500,000 in damages from Ronald Wyllins and $1,000,000

in damages from Hugh Umpstead, Ronald Wyllins's attorney (Dkt. 1 at 12). Plaintiff alleges that these individuals 1) violated his due process rights as a "beneficiary/victim," 2) filed "false" injunctions against him, 3) obstructed justice by preventing him from filing "legal" motions, 4) engaged in "illegal" tactics to violate his civil rights as a beneficiary, and 5) "illegally" dismissed his legal and valid liens (Id. at 2, 12). Plaintiff submits that this court has jurisdiction over his suit because he seeks damages in excess of $75,000 (Id. at 2).

This court has jurisdiction of civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Diversity of citizenship is present where, inter alia, the action is between citizens of different states. Id. at 1332(a)(1).[1] Plaintiff, however, lists Florida addresses for himself and for each Defendant and does not suggest that any party is a citizen of another state (Id. at 1-2). Consequently, Plaintiff has failed to state a claim invoking this court's diversity jurisdiction.

Similarly, Plaintiff's due process claim fails to invoke this court's federal question jurisdiction. See 28 U.S.C. § 1331. Plaintiff does not allege that Defendants are state actors, conspired with state actors, or acted under color of state law. See U.S. Const. amend. XIV (prohibiting any "State" from depriving a person of due process of law); see also Patout v. Kester, No. 8:08-CV-1041-T-24EAJ, 2008 WL 2261778, at *1 (M.D. Fla. May 30, 2008) (recognizing that "a private attorney is not a state actor").

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**

---

[1] Although other conditions may satisfy the diversity requirement, 28 U.S.C. § 1332(a)(2)-(4), there is no suggestion that they might apply in this matter.

**WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter for lack of subject matter jurisdiction and/or failure to state a claim. See also Local Rule 3.10(a), M.D. Fla.

**Date: September 7, 2010**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge