UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RALPH CAFARO,**

    **Plaintiff,**

v.                                                     **CASE NO. 8:10-CV-1836-T-30EAJ**

**RONALD WYLLINS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Permission to Appeal In Forma Pauperis** (Dkt. 6).

On August 17, 2010, Plaintiff filed his complaint and moved to proceed in forma pauperis in this court (Dkt. 1, 2). On September 22, 2010, the court denied without prejudice Plaintiff's motion to proceed in forma pauperis, dismissed Plaintiff's complaint without prejudice, and granted Plaintiff leave to file an amended complaint within fourteen days (Dkt. 4). The next day, Plaintiff filed a notice of interlocutory appeal of that order and moved to proceed in forma pauperis on appeal (Dkt. 5, 6).

"To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." CSX Transp., Inc. v. City of Garden City, 235 F.3d 1325, 1327 (11th Cir. 2000) (citations omitted). "Ordinarily ... an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." Lloyd Noland Found. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). "A judgment that does not effectively terminate the litigation is not final or immediately appealable unless the district court

certifies the judgment for immediate appeal under Fed.R.Civ.P. 54(b)." <u>CSX Transp.</u>, 235 F.3d at 1327 (citation omitted).

"The denial by a District Judge of a motion to proceed in forma pauperis is an appealable order." <u>Roberts v. U.S. Dist. Court for the N. Dist. of Ca.</u>, 339 U.S. 844, 955 (1950) (per curiam). The denial of such motions without prejudice, however, is not immediately appealable. <u>Kersey v. Comm'r of Patents and Trademarks</u>, 353 F. App'x 432, 433 (Fed. Cir. 2009) (unpublished) (citations omitted); <u>Lemons v. K.C. Mo. Police</u>, 158 F. App'x 159, 160 (10th Cir. 2005) (unpublished) (citation omitted). Similarly, "[d]ismissals that are without prejudice to refiling are not 'final' for purposes of appeal." <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1094 n.7 (11th Cir. 1996) (citations omitted).

Although Plaintiff's complaint was dismissed, Plaintiff was expressly granted leave to file an amended complaint and to renew his request to proceed <u>in forma pauperis</u>. Plaintiff has not asked the court to certify the order at issue as a final judgment under Rule 54(b). Moreover, the order does not appear to be appealable by statute or jurisdictional exception. Because the Eleventh Circuit lacks jurisdiction over Plaintiff's appeal, it "is without arguable merit as a matter of law and therefore not taken in good faith." <u>Washington v. School Bd. of Hillsborough County</u>, No. 8:08-cv-2023-T-33MAP, 2010 WL 258415, at *2 (M.D. Fla. Jan. 20, 2010). Consequently, Plaintiff should not be permitted to appeal <u>in forma pauperis</u>.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The court certify that Plaintiff's appeal is not taken in good faith; and

(2) Plaintiff's Motion for Permission to Appeal In Forma Pauperis (Dkt. 6) be **DENIED**.

**Date: October 14, 2010**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge